IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHIPP BROWN, | : | |
| | : | Civil Action No. _____ |
| Plaintiff, | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| PETCO ANIMAL SUPPLIES | : | Judge: _____ |
| STORE, INC., Store #1827, | : | |
| a/k/a PETCO ANIMAL SUPPLIES, | : | Complaint filed: _____/2021 |
| INC., | : | |
| | : | *Electronically filed* |
| Defendant. | : | |

## COMPLAINT

**I.   PARTIES:**

1.      The Plaintiff is Shipp Brown, an adult individual residing at 106

Cornfield Lane, Port Matilda, Pennsylvania 16870.  Mr. Brown's race is African

American.  He is 68 years of age, having been born in 1953.

2.      The Defendant is PETCO Animal Supplies Store, Inc., ("PETCO"),

a/k/a PETCO Animal Supplies, Inc., a Delaware corporation which conducts

business at Store #1827 located at 40 Colonnade Way, State College, Pennsylvania 16803.

## II.    JURISDICTION AND VENUE:

3.    This Court has jurisdiction over this matter pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626(b) and/or 626(c), and 28 US.C. § 1331 and 1337 to enforce the provisions of the ADEA, as amended, 29 U.S.C. § 621, *et seq.*, and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5. This court has supplemental jurisdiction under 28 U.S.C. § 1367 over the Plaintiff's Pennsylvania Human Relations Act ("PHRA") claims, 43 Pa. C.S. § 951, *et seq.*

4.    Venue is proper in this judicial district because the unlawful employment and age discrimination claims alleged in the Complaint were committed within the Middle District of Pennsylvania; Defendant regularly conducts business in the Middle District of Pennsylvania; Plaintiff would be employed in the Middle District of Pennsylvania, but for the unlawful employment practices of Defendant; and, Defendant employs numerous individuals in the Middle District of Pennsylvania.

5.    PETCO employs four or more persons.

6.    Plaintiff was terminated from his employment with PETCO on or about February 20, 2018.  Plaintiff timely filed claims with the Pennsylvania Human Relations Commission ("PHRC") on or about April 3, 2018.

7.    Plaintiff's claims with the PHRC were dual filed with the Equal Employment Opportunity Commission ("EEOC").

8.    Plaintiff's claims have been pending before the PHRC for a period of time in excess of one year and no final disposition has been rendered by the PHRC. Plaintiff is therefore permitted to proceed to file his claims in this Court.  (See notice from PHRC dated June 19, 2019, attached as Ex. "A").

9.    Plaintiff received a Notice of Right to Sue from the EEOC on or about December 4, 2020. This action is timely filed within 90 days of that Notice. (See Notice from EEOC attached as Ex. "B").

## III.    FACTUAL BACKGROUND:

10.    Plaintiff began full time employment with PETCO as a Sales Associate on or about September 16, 2002.

11.    Beginning on or about June 19, 2016, Plaintiff assumed the position of Guest Experience Leader ("GEL") with PETCO.

12.    Plaintiff was unlawfully terminated from his employment with PETCO on February 20, 2018.

13.    Throughout his employment with PETCO Plaintiff worked at Store #1827 located at the Colonnade address set forth above.

14.    Store #1827 is one of 28 PETCO stores located within PETCO District 68.

15.    At the time of his termination, Plaintiff was the only African American GEL in District 68.

16.    Upon information and belief, at the time of his termination Plaintiff was the oldest GEL in PETCO District 68.

17.    Immediately upon the wrongful termination of Plaintiff's employment, Defendant promoted a 31 year old white male to the GEL position previously held by Plaintiff.

18.    In or about July 30, 2017, Catherine Oharah ("Oharah") assumed the position of Store Leader at Store #1827 and became Plaintiff's immediate supervisor.

19.    In the fifteen years preceding Oharah's assumption of the Store Leader position, Plaintiff consistently received good performance evaluations and was regularly rewarded for his satisfactory performance with promotions and salary increases.

20.     For example, in four of the five years preceding his termination Plaintiff's overall rating in his annual performance reviews was that of "FULLY MEETS EXPECTATIONS".

21.     Indeed, on April 17, 2017, less than one year before his termination, Plaintiff's supervisor stated as follows in his review of Plaintiff's performance:

> "Shipp is a dedicated leader in our store with a tremendous work ethic. He possesses a real understanding for the operational aspect of how the store runs, and maintains store standards of visual presentation throughout the store. . . . All in all, Shipp is a great leader for our store who brings energy and enthusiasm to work with him every day. . . ."

22.     Over the 15 years of Plaintiff's employment with PETCO prior to Oharah assuming the position of Store Leader, Plaintiff had received only one or two documented Employment Performance Notices ("EPN").

23.     Shortly after Oharah assumed the Store Leader position, however, Plaintiff began regularly experiencing ongoing harassing and discriminatory treatment from Oharah. When Plaintiff attempted to report and complain about this treatment, Plaintiff experienced retaliation which ultimately culminated in his unlawful termination.

24.     Oharah's unlawful treatment of Plaintiff aided and abetted by Oharah's superiors and PETCO's HR department, persisted on a regular and pervasive basis throughout the time period from her assumption of the Store Leader position until the day prior to Plaintiff's termination when Oharah herself

"left" employment with PETCO. Upon information and belief, PETCO had informed Oharah that if she did not resign her employment she would be terminated.

25.     Oharah's unlawful treatment of Plaintiff included, but is not limited to:

    a)     Refusing to give direction to Plaintiff as to specific job duties he was expected to complete;

    b)     Refusing to speak directly with Plaintiff and instead communicating with Plaintiff via other employees;

    c)     Refusing to respond to Plaintiff when he attempted to speak with her;

    d)     Blocking Plaintiff's ability to hire employees, a job responsibility Plaintiff had previously been permitted to perform;

    e)     Bringing in younger Caucasian managers from other store locations to perform Plaintiff's job duties even while Plaintiff was on site working;

    f)     Permitting younger Caucasian non-manager employees to perform job duties which should have been the responsibility of Plaintiff;

g)      Intentionally scheduling District Leader visits to Store #1827 on days when Plaintiff was not working and then refusing to share with Plaintiff the results of, or feedback from, those visits; and,

h)      Intentionally demeaning Plaintiff by leaving large amounts of trash and debris for Plaintiff to clean up, which action further impaired Plaintiff's ability to spend time performing his other job responsibilities.

26.     As evidence of her disdain for Plaintiff's age, Oharah referred to Brown as "old school" when justifying her disparate treatment of Plaintiff.

27.     Plaintiff attempted to report Oharah's unlawful treatment to PETCO's Human Relations department and PETCO's hotline, but never received any response.

28.     Plaintiff also complained to the District Manager, Yelena Kharchevka, in November 2017 regarding Oharah's actions.  Kharchevka failed to address Plaintiff's complaints and in fact ultimately approved the termination of Plaintiff's employment.

29.     At all times material hereto, Kharchevka was aware of Plaintiff's status as the oldest and only black GEL in District 68.

30.    In retaliation for Plaintiff's complaints about Oharah's unlawful treatment of him, and consistent with Oharah's ongoing disparate treatment of Plaintiff based on his age and race, Oharah caused two EPN's to be issued for Plaintiff within one month of each other in November and December 2017.  In other words, in the space of one month, Plaintiff received as many EPN's as he had received previously over the course of 15 years employment with PETCO.

31.    The EPNs issued by Oharah were pretext for her unlawful discriminatory and retaliatory treatment of Plaintiff.

32.    Plaintiff continued to communicate with Kharchevka in January and February 2018 regarding Oharah's conduct. Plaintiff advised Kharchevka that he was uncomfortable even speaking with Oharah and in response to Kharchevka's request provided multiple examples of Oharah's conduct.

33.    Along with reporting Oharah's discriminatory and retaliatory conduct to Kharchevka, in February 2018 Plaintiff also notified Kharchevka about Oharah's possible violation of PETCO's security policies and code of ethics.

34.    Finally, on February 20, 2018, one day after Oharah "left" employment with PETCO, PETCO culminated its discriminatory and retaliatory treatment of Plaintiff by terminating his employment without just cause to do so.

35.    Defendant unlawfully terminated Plaintiff's employment based on his race and age and in retaliation for his complaints of unlawful discriminatory treatment.

## COUNT I
## DISCRIMINATION BASED ON RACE
### (TITLE VII and PHRA)

36.    Plaintiff incorporates by reference, the same as though set forth at length, paragraphs 1 through 35, inclusive, of the within complaint, the same as though set forth at length.

37.    PETCO terminated Plaintiff based on his race in violation of Title VII of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5 and 43 Pa.C.S. § 955(a).

## COUNT II
## DISCRIMINATION BASED ON AGE
### (ADEA and PHRA)

38.    Plaintiff incorporates by reference, the same as though set forth at length, paragraphs 1 through 37, inclusive, of the within complaint, the same as though set forth at length.

39.    PETCO terminated Plaintiff based on his age in violation of 29 U.S.C. § 621, *et seq.* and 43 Pa.C.S. § 955(a).

## COUNT III
## HARASSMENT BASED ON RACE
## (TITLE VII and PHRA)

40.     Plaintiff incorporates by reference, the same as though set forth at length, paragraphs 1 through 39, inclusive, of the within complaint, the same as though set forth at length.

41.     PETCO harassed and discriminated against Plaintiff based on his race in violation of the Civil Rights Act of 1991, 42 U.S.C. § 2000e-5 and 43 Pa.C.S. § 955(a).

## COUNT IV
## HARASSMENT BASED ON AGE
## (ADEA and PHRA)

42.     Plaintiff incorporates by reference, the same as though set forth at length, paragraphs 1 through 41, inclusive, of the within complaint, the same as though set forth at length.

43.     PETCO harassed and discriminated against Plaintiff based on his age in violation of the ADEA, 29 U.S.C. § 621, *et seq.* and 43 Pa.C.S. § 955(a).

## COUNT V
## RETALIATION BASED ON OPPOSITION TO RACE DISCRIMINATION
## (TITLE VII and PHRA)

44.     Plaintiff incorporates by reference, the same as though set forth at length, paragraphs 1 through 43, inclusive, of the within complaint, the same as though set forth at length.

45.     PETCO terminated Plaintiff's employment in retaliation for his opposing employment practices (discrimination and harassment based on race) made unlawful by Title VII, 42 U.S.C. § 2000e-5 and 43 Pa.C.S. § 955(d).

## COUNT VI
## RETALIATION BASED ON OPPOSITION TO AGE DISCRIMINATION
## (ADEA and PHRA)

46.     Plaintiff incorporates by reference, the same as though set forth at length, paragraphs 1 through 45, inclusive, of the within complaint, the same as though set forth at length.

47.     PETCO terminated Plaintiff's employment in retaliation for his opposing employment practices (discrimination based on age) made unlawful by the ADEA, 29 U.S.C. § 621, *et seq.* and 43 Pa.C.S. § 955(d).

## **RELIEF REQUESTED**

48.     Plaintiff requests all relief available to him under the ADEA, Title VII, and the PHRA, including but not limited to front pay, back pay from the date of the wrongful acts, equitable relief, compensatory damages, punitive damages, liquidated damages, pre-judgment interest, post-judgment interest, and reasonable attorneys' fees, including litigation expenses and the costs in this action.

WHEREFORE, Plaintiff Shipp Brown respectfully requests that judgment be entered in his favor and against Defendant PETCO Animal Supplies Store, Inc., Store #1827.

Respectfully submitted,

McQUAIDE BLASKO, INC.

Dated:  February 2̲3̲, 2021

By:  _____

James M. Horne, Esquire
Pa. I.D. No. 26908
jmhorne@mqblaw.com
811 University Drive
State College, PA  16801
(814) 238-4926

Attorneys for Plaintiff
Shipp Brown

# Exhibit A



**pennsylvania**
HUMAN RELATIONS COMMISSION

June 19, 2019

Shipp Brown
106 Cornfield Lane
Port Matilda, PA 16870

RE:  Shipp Brown Vs. PETCO
      Case No. 201703491
      EEOC No. 17F201960408

Dear Shipp Brown,

It has been one year since you filed your complaint with the Pennsylvania Human Relations Commission. This is to notify you that you now have the right to bring an action in the appropriate Pennsylvania Court of Common Pleas based on the alleged violations of the PHRAct contained in your Commission complaint. This right is provided under Section 12(c) of the Human Relations Act, 43, P.S. § 962(c).

Please be advised that you are not required to file such an action in the State Court of Common Pleas. The Commission is continuing to process your case, and we will make every effort to resolve it as soon as possible. If we are not notified otherwise, we will assume that you want the Commission to continue handling your case.

If you do file a complaint in a Court of Common Pleas, the Commission will dismiss your complaint. This means that you will be unable to have the Commission decide your case even if your complaint is dismissed in State Court because of a procedural error. Procedural errors may include filing the complaint in State Court in the wrong county or filing in State Court after your time to file has expired. For this reason, you should make every effort to assure that any complaint you file in State Court will be properly filed before you file it.

If you believe you might want to take your case to State Court, we suggest that you consult a private attorney about representing you in that action. This should be done before you file the complaint so that your attorney may advise you on the best course of action for you to take.

Should you file a complaint in State Court, you are required by Section 12(c)(2) of the PHRAct to serve the Human Relations Commission with a copy of the Court complaint. This copy must be served on the Commission at the same time you file it in Court. The copy is to be sent to:
                Chief Counsel
                Pennsylvania Human Relations Commission Executive Offices
                333 Market Street, 8th Floor
                Harrisburg, PA 17104-2210
If you have any questions concerning this matter, please feel free to contact the investigator who is handling your case.

Very Truly yours,

Jinada Rochelle

Jinada Rochelle
Enforcement Office
cc: Andrew Carson

---

# Exhibit B

EEOC Form 161-B (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To:  **Shipp Brown**
     **106 Cornfield Lane**
     **Port Matilda, PA 16870**

From:  **Philadelphia District Office**
       **801 Market Street**
       **Suite 1000**
       **Philadelphia, PA 19107**

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2019-60408 | **Kurt Jung**<br>**State, Local & Tribal Program Manager** | **(267) 589-9749** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*                **12/04/2020**

**Jamie R. Williamson**
**District Director**

*(Date Mailed)*

Enclosures(s)

cc:  **PETCO**

**James M. Horne Esq.**
**McQuaide Blasko, Inc.**
**811 University Drive**
**State College, PA 16801-6624**
JMHorne@mqblaw.com

**Suzanne Nordmann**
**Employee Relations Manager**
**Petco Animal Supplies Stores, Inc.**
**10850 Via Frontera**
**San Diego, CA 92127**
suzanne.nordmann@petco.com

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS   --   Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS   --   Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION   --   Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***